IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






AP-75,510





EX PARTE JOHN AVALOS ALBA







ON APPLICATION FOR WRIT OF HABEAS CORPUS


IN CAUSE NO. W219-81215-91(HC2) FROM THE


199
TH DISTRICT COURT OF COLLIN COUNTY





Per Curiam.


ORDER



 This is a subsequent application for habeas corpus filed pursuant to Texas Code of Criminal
Procedure, Article 11.071, Section 5. Applicant asserts the chemical protocol used to carry out his
execution will violate his constitutional right against cruel and unusual punishment.

 Applicant was convicted of capital murder in May, 1992. This Court affirmed the conviction
and sentence on direct appeal. Alba v. State, 905 S.W.2d 581 (Tex.Crim.App. 1995). Applicant's
sentence was vacated by the United States Court of Appeals for the Fifth Circuit. Alba v. Johnson,
232 F.3d 208 (5th Cir. 2000). After retrial, the jury answered the punishment issues in such a way
that the death sentence was again imposed. This Court affirmed the judgment and sentence on direct
appeal. Alba v. State, No. 71,487 (Tex. Crim. App., delivered April 16, 2003). After review of his
initial applicant for writ of habeas corpus filed pursuant to Article 11.071, this Court denied relief. 
Ex parte Alba No. WR-36,711-02 (Tex.Crim.App., filed October 15, 2003).

 We must consider whether a claim that the execution chemical protocol may violate the
constitutional rights of the condemned is cognizable in a writ of habeas corpus. Before making the
decision in this case, we invite, applicant, the State, and the Texas Department of Criminal Justice
to present their positions on the following question: Is a claim that the lethal-injection protocol
violates the Eighth Amendment cognizable under Article 11.071 of the Texas Code of Criminal
Procedure?

 All briefs on these issues should be delivered to this Court within 60 days from the date of
this order.

 IT IS SO ORDERED THIS THE 20th DAY OF September, 2006.

Do Not Publish